UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-82091-RAR

**MARK ARZOUMANIAN**,

Plaintiff,

v.

**GEICO INSURANCE COMPANY**,

Defendant.
_____/

## ORDER DISMISSING *PRO SE* COMPLAINT

**THIS CAUSE** comes before the Court upon an initial screening pursuant to 28 U.S.C. § 1915. Plaintiff filed his Complaint [ECF No. 1] and Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3] on November 13, 2020. The Complaint invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332—but listed both Plaintiff and Defendant Marshall Rosenbach as Florida residents. Compl. at 1-2. Thus, on November 18, 2020, the Court entered an Order to Show Cause [ECF No. 6], pointing out this jurisdictional defect and ordering Plaintiff to file either an amended complaint properly asserting diversity jurisdiction or a notice of dismissal of this action. Plaintiff subsequently notified the Court that he wished to drop Defendant Rosenbach from the case, *see* [ECF No. 9], and the Court formally dismissed Defendant Rosenbach on November 25, 2020, *see* [ECF No. 10].

Further, on November 25, 2020, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 11]. The relevant statute governing *in forma pauperis* proceedings provides that a court "*shall* dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii)

(emphases added).  Therefore, upon granting Plaintiff's request to proceed *in forma pauperis*, the Court is required to assess the merits of the Complaint before allowing Plaintiff to proceed any further.  *See Copeland v. Schwartz*, No. 07-CIV-60818, 2007 WL 9717317, at *1 (S.D. Fla. July 10, 2007); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) ("[S]ection 1915(e)(2)(B)(ii), directs the district court to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted.") (quotations omitted).

Here, upon initial screening of the Complaint, the Court finds that it fails to state a claim upon which relief may be granted.  In addition, the Court finds that it does not have subject matter jurisdiction over the Complaint.  Accordingly, Plaintiff's Complaint is **DISMISSED** for the reasons set forth herein.

## ANALYSIS

Although generally, *pro se* complaints are held to a less stringent pleading standard than pleadings drafted by lawyers, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), "liberal construction of *pro se* pleadings does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Smitherman v. Decatur Plastics Prod. Inc.*, 735 F. App'x 692, 692 (11th Cir. 2018) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)) (internal quotations omitted).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief.  FED. R. CIV. P. 8(a)(2).  Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (alteration added) (quoting *Iqbal*, 556 U.S. at 678).

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint fails to meet the foregoing standards. The Complaint is difficult to follow, but it generally alleges legal defects in a state court lawsuit involving the same parties as the instant case. Plaintiff seeks $3.5 billion from Defendant Geico for "collusion, falsification, etc., including damages for elderly person." Compl. at 4. Plaintiff avers that "[i]n addition to lies and playing the game of innocence, the signature on the settlement sheet is not [Plaintiff's]" as Defendant "falsified [his] signature in order to steal [his] money." *Id*. at 5. At other points, the Complaint argues that Defendant "violated Florida Statutes section 607.0403 and section 607.0505 in addition to other Florida Statutes" because it "was not licensed to sell insurance policies in order to validate its standing as a foreign Corporation transacting business in the state of Florida when the lawsuit was filed." *Id*. at 6. In yet another passage, the Complaint argues that "Geico did violate the Interstate Commerce clauses and regulations for transacting business in the State of Florida as a foreign Corporation." *Id*. at 13. The Court simply cannot discern the nature of Plaintiff's claim against Defendant from the allegations in the Complaint, and thus Plaintiff's Complaint must be dismissed.

Moreover, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Stated differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Here, the accusations in Plaintiff's Complaint stem from a state court lawsuit filed in the Circuit Court of the Fifteenth Judicial Circuit

in and for Palm Beach County, Florida ("Circuit Court") involving the same parties. *See* Compl. 7-9. Specifically, Plaintiff argues that the Circuit Court did not have jurisdiction to enter an order dismissing the case because Plaintiff's claim was worth more than $15,000, and therefore Plaintiff insists that both the Circuit Court judgment—as well as the order from the Appellate Division of the Fifteenth Judicial Circuit affirming said judgment—are void. *Id.*

Under the *Rooker-Feldman* doctrine, the Court is without jurisdiction to hear Plaintiff's suit. "The *Rooker–Feldman* doctrine is a limitation on the jurisdiction of the inferior federal courts. This limitation is intended to prevent the federal courts from hearing what are essentially appeals from state court decisions, which may only be heard by the United States Supreme Court." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018). Pursuant to the doctrine, federal district courts "have no authority to review the final judgments of state courts." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*). "Significantly, even if the state court judgment was unconstitutional, *Rooker-Feldman* prevents a federal district court from correcting the error." *Semexant v. HSBC Bank USA*, No. 20-cv-60138, 2020 WL 3581480, at *1 (S.D. Fla. June 24, 2020) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)).

Here, Plaintiff's Complaint makes clear that this suit is identical to the one already adjudicated by the state court. *See* Compl. at 9. Indeed, Plaintiff's insistence that the state court judgment is "null" and "void," Compl. at 8-9, directly mirrors the arguments rejected in the doctrine's namesake. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414 (1923) (rejecting, as falling outside the jurisdiction of the district court, a suit that sought to have an Indiana state court's judgment "declared null and void"). Thus, the *Rooker-Feldman* doctrine applies because this is a case "brought by [the losing party in a state court case] complaining of injuries caused by state-

court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (citation omitted). Accordingly, given this additional deficiency, the Court must also dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## **CONCLUSION**

For the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint [ECF No. 1] is **DISMISSED**. All pending motions are **DENIED as moot**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of November, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**